Fransina OROH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–71054.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Esquire, Law Office of Kathleen Koh, Whittier, CA, for Petitioner.

Oil, Dimitri N. Rocha, Esquire, Kelly J. Walls, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Cac–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Fransina Oroh, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The IJ denied Oroh's asylum claim as time barred. Oroh does not challenge this finding.

Substantial evidence supports the IJ's conclusion that Oroh did not establish eligibility for withholding of removal because Oroh's experiences in Indonesia did not constitute past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003). Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004) applies to Christian Indonesians seeking withholding of removal, Oroh failed to demonstrate that it was more likely than not that she will be persecuted if she returned to Indonesia. *See Hoxha,* 319 F.3d at 1184–85. Additionally, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir. 2007) (en banc).

Oroh has waived any challenge to the IJ's determination that she did establish eligibility for protection under CAT. *See*

*Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.